**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GENEVA DAVIS, | |
| Plaintiff, | Case No. 1:18-cv-04504 |
| v. | **COMPLAINT** |
| IBUKUN COMPREHENSIVE COMMUNITY SERVICES, INC., | **JURY DEMANDED** |
| Defendant. | |

Now comes the Plaintiff, GENEVA DAVIS ("Plaintiff"), by and through her attorneys, and for her Complaint against the Defendant, IBUKUN COMPREHENSIVE COMMUNITY SERVICES, INC. ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable and injunctive relief for violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, as amended.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District.

4. All conditions precedent to this Court's jurisdiction have occurred or have been complied with. Specifically:

    a. Plaintiff filed a Charge of Discrimination, number 470-2018-00451, with the Equal Employment Opportunity Commission ("EEOC") on November 8, 2017.

  b.  The EEOC issued a Notice of Suit Rights to Plaintiff for said charge on May 10, 2018.

## PARTIES

5. Plaintiff is an individual who was at all relevant times residing in Hammond, Indiana.

6. On information and belief, Defendant is a not-for-profit corporation of the State of Illinois, whose principal place of business is located in Chicago, Illinois.

7. Defendant is a "person" as defined in 42 U.S.C. § 2000e(a), as it is a corporation that includes one or more individuals. Defendant is therefore also a "person" as defined in 42 U.S.C. § 12111(7).

8. Defendant is an "employer" as defined in 42 U.S.C. § 12111(5)(A), as it is a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

9. Plaintiff is an "employee" as defined in 42 U.S.C. § 12111(4), as she is an individual employed by an employer.

10. Plaintiff was a "qualified individual" as defined in 42 U.S.C. § 12111(8), as she was an individual who, with or without reasonable accommodation, could perform the essential functions of the employment position that she held.

## BACKGROUND FACTS

11. Plaintiff began her employment with Defendant during or about November 2010.

12. Plaintiff's most recent position with Defendant was as a Mental Health Professional.

13. Plaintiff took on additional responsibilities during her time working for Defendant

that were not included in her job description, including grocery shopping and preparing the residents' meals.

14. Throughout her employment with Defendant, Plaintiff performed the duties of her jobs to all legitimate expectations.

15. Defendant regularly rated Plaintiff as an excellent employee in her performance evaluations.

16. Throughout her employment with Defendant, Plaintiff consistently received praise for her work ethic from Defendant.

17. During or about July 2017, Plaintiff was involved in a car accident and sustained a broken finger.

18. Due to her injury, Plaintiff required certain reasonable accommodations so that she could continue carrying out her job responsibilities.

19. Plaintiff spoke to her supervisor, Christian Akiwowo ("Akiwowo"), regarding, and he was aware of, her limitations due to her injury.

20. During or about August 2017, Plaintiff was left alone with no assistance when she had to clean the floors of the building.

21. Due to her injury, Plaintiff was unable to lift a mop bucket filled with water in and out of the sink, so she brought the mop to the sink and rinsed it out.

22. The mop had no chemicals on it at any time that it was in the sink and Plaintiff cleaned the sink immediately afterward using disinfectant.

23. On or about August 7, 2017, after learning about what Plaintiff had done, Akiwowo terminated Plaintiff's employment.

24. Defendant terminated Plaintiff's employment because of her disability and in

retaliation for her need for accommodations for her disability.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

25. Plaintiff incorporates all of the allegations and statements contained in paragraphs 1 through 25 above as if reiterated herein.

26. Defendant intentionally discriminated against Plaintiff on the basis of her disabilities in one or more of the following ways:

   a. Failing to reasonably accommodate her disability;

   b. Terminating Plaintiff because of her disability; and/or

   c. Terminating Plaintiff because of her requests that Defendant reasonably accommodate her disability.

27. Defendant's actions were in willful and wanton violation of Plaintiff's rights.

Wherefore, Plaintiff, GENEVA DAVIS, respectfully prays this Honorable Court enter judgment against Defendant, IBUKUN COMPREHENSIVE COMMUNITY SERICES, INC., as follows:

   a. Declaring the Defendant's practices complained of herein unlawful and in violation of the ADA;

   b. Permanently enjoining Defendant, its agents, successors, officers, employees, representatives, attorneys and those acting in concert with it or them from engaging in the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

   c. Ordering modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation

        of applicable law, ensuring Defendant will not continue to discriminate on the basis of disability or retaliate against employees exercising their rights under the ADA;

d. Immediately assigning Plaintiff to the position she would now be occupying but for the discriminatory practices of Defendant, and adjusting the wage rates, salaries, bonuses and benefits for Plaintiff to those which she would have received but for the discriminatory practices of Defendant, or awarding Plaintiff front-end and future pay;

e. Compensating and making Plaintiff whole for all earnings, wages, bonuses and other benefits that Plaintiff would have received but for the discriminatory practices of Defendant;

f. Compensating and making Plaintiff whole for all other damages Plaintiff incurred as a result of the discriminatory practices of Defendant;

g. Awarding Plaintiff all witness fees, court costs and other litigation costs incurred in this Action, including reasonable attorneys' fees; and

h. Awarding Plaintiff liquidated and/or punitive damages for Defendant's willful conduct, and granting such other relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

GENEVA DAVIS

By: /s/ David B. Levin
 Attorney for Plaintiff
 Illinois Attorney No. 6212141
 Law Offices of Todd M. Friedman, P.C.
 333 Skokie Blvd., Suite 103
 Northbrook, Illinois 60062
 Phone: (224) 218-0882
 Fax: (866) 633-0228
 dlevin@toddflaw.com